# Order

Michigan Supreme Court
Lansing, Michigan

October 5, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

152690-1 & (18)(19)(25)(26)(27)(28)

PEOPLE OF THE STATE OF MICHIGAN,
　　　　Plaintiff-Appellee,

v

MICHAEL D. HARRIS,
　　　　Defendant-Appellant.

SC:  152690
COA:  328446
Ingham CC:  83-052271-FH

_____/

PEOPLE OF THE STATE OF MICHIGAN,
　　　　Plaintiff-Appellee,

v

MICHAEL D. HARRIS,
　　　　Defendant-Appellant.

SC:  152691
COA:  328447
Ingham CC:  83-052279-FH

_____/

On order of the Court, the application for leave to appeal the November 4, 2015 orders of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE in part the orders entered by the Ingham Circuit Court on June 22, 2015.  We VACATE that part of the orders stating, "Further, this Court will not entertain any further motions by the defendant pertaining to this specific matter. It will be considered closed and allowed no further review as of the date of this Order." We further VACATE that part of the orders stating, "IT IS FURTHER ORDERED that pursuant to MCR 2.602(A)(3) this Court finds that this decision resolves the last pending claim and closes the above captioned case."  A judgment of conviction and sentence that is not subject to appellate review may be reviewed only in accordance with the provisions of MCR subchapter 6.500.  MCR 6.501.  Motions that do not substantially comply with the requirements of the court rules and successive motions for relief from judgment may be returned to the defendant under certain conditions.  MCR 6.502(D); MCR

6.502(G)(1). But a defendant may file a second or subsequent motion for relief from judgment based on a retroactive change in law or a claim of new evidence. MCR 6.502(G)(2).

In all other respects, leave to appeal is DENIED, because the defendant's motion for relief from judgment is prohibited by MCR 6.502(G). The motion to consolidate appeals, the motion to abey, the motion to appoint counsel, the motions for remand, and the motion for clarity are DENIED.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 5, 2016



Clerk

a0928